IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GRABEL GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-38-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS
SECTION 2255 MOTION AS UNTIMELY FILED**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody* [ECF 2] filed by petitioner GRABEL GONZALES, and the *Motion to Dismiss Gonzales's Section 2255 Motion as Untimely Filed* [ECF 5] filed by respondent UNITED STATES OF AMERICA. For the reasons set forth below, the undersigned finds petitioner's motion to vacate is time-barred, that respondent's motion to dismiss should be granted, and that petitioner's motion to vacate should be dismissed.

I.
PROCEDURAL HISTORY

On July 13, 2015, petitioner pled guilty to the felony offense of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), reserving the right to appeal the United States District Judge's previous denial of his motion to suppress evidence. *United States v. Gonzalez*, No. 2:15-CR-52(01) [ECF 57, 58]. Pursuant to a written Plea Agreement, petitioner stipulated to the accuracy of the Factual Resume,

acknowledged his plea of guilty was freely and voluntarily made, and stated he was satisfied with his appointed attorney's legal representation. [ECF 58]. On August 13, 2015, a Presentence Report recommended an advisory Guideline Imprisonment Range of 235 to 293 months based on a Total Offense Level of 36 and a Criminal History Category of III. [ECF 64]. On September 17, 2015, petitioner's counsel filed a memorandum requesting the Court downwardly depart from the recommended sentencing range based on the nature and circumstances of the offense and the history and characteristics of the defendant. [ECF 69]. On September 18, 2015, the district judge sentenced petitioner to a term of 235 months imprisonment for the possession offense, a sentence at the bottom of the advisory guideline range, and entered a corresponding Judgment. [ECF 71, 73].

Petitioner, represented by new appointed counsel, filed a direct appeal of his conviction challenging the denial of his motion to suppress evidence seized during a traffic stop, maintaining the arresting Texas Department of Public Safety trooper lacked reasonable suspicion to stop him for the offense of following too closely. *United States v. Gonzalez*, No. 15-10935. On August 31, 2016, the United States Court of Appeals for the Fifth Circuit issued a *per curiam* written opinion finding the district judge did not err in denying petitioner's motion to suppress and affirming the judgment of conviction. [ECF 82]. On the same date, the Fifth Circuit appellate court entered Judgment affirming the sentence and conviction of this court. [ECF 83].

Petitioner, represented by the same appointed counsel, sought review of the appellate court's opinion by filing a petition for a writ of certiorari with the United States Supreme Court. *Gonzalez v. United States*, No. 16-7090, 137 S.Ct. 702 (2017). On January 9, 2017, the Supreme Court denied the petition. [ECF 85].

On January 30, 2017, petitioner requested copies of various documents in his case without

charge "for filing a petition under 28 USC 2255." [ECF 86]. That same day the United States District Clerk's office responded to petitioner's request with a summary of the page counts and necessary fees required for the documents. [ECF 86-1 at 1].

On February 26, 2018, petitioner, proceeding *pro se*, purportedly placed the instant motion to vacate challenging his conviction and sentence in the prison mailing system, said motion being received by the Court and filed stamped March 1, 2018. [ECF 87]. On June 15, 2018, respondent filed a motion in this civil case to dismiss petitioner's motion to vacate as being untimely filed. [ECF 5].

## II.
## PETITIONER'S ALLEGATIONS

In his motion to vacate, petitioner contends his conviction and the resulting sentence was imposed in violation of the United States Constitution or laws of the United States because he was denied effective assistance of counsel with regard to counsel's prosecution of petitioner's motion to suppress.[1]

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate, set aside or correct sentence in federal court. That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;

---

[1] Although not entirely clear, it appears petitioner asserts trial counsel was ineffective either for failing to challenge the initial traffic stop by attacking the credibility of the testifying trooper by asserting this particular trooper had a history of similar prior stops that had been challenged by defendants as being unconstitutional, or for failing to assert that law enforcement in general has a history of similar prior stops that have been challenged by defendants as being unconstitutional. The majority of petitioner's supporting facts, however, do not focus on trial counsel's representation but on arguing the initial traffic stop in his case was unconstitutional – an issue raised and determined both at the trial court by a motion to suppress and the appellate courts on direct appeal through the denial of certiorari.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not assert, nor does the record reflect, the Government impeded or prevented petitioner from filing a motion for section 2255 relief. Nor do petitioner's claims concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

Although not specifically stated, petitioner may, however, possibly appear to argue the limitation period in this case should run, not from the date the judgment became final, but from the date on which he discovered certain facts he contends support his claim. In his motion to vacate, petitioner states his claim is based on "newly discovered evidence" [ECF 2 at 4], that he "recently discovered." [ECF 2 at 5]. Although not entirely clear, petitioner appears to argue that as a result of finding "newly discovered cases involving [the Texas Department of Public Safety trooper who effected the stop in his case]," he "discovered" his claim of ineffective assistance of counsel. Specifically, his review of these other cases revealed the trooper had a pattern of using "methods, practices and other illegal or questionable actions," including "racial profiling, targeting minorities and out of state license plates to make illegal and unconstitutional stops, searches and seizures," and that "counsel knew or should have known" to challenge the initial traffic stop by attacking the trooper's credibility based on his "questionable methods of racial profiling and other illegal acts." [ECF 2 at 10].

Not only does petitioner fail to substantiate his conclusory accusations with any supported "facts," such as actual court determinations finding the trooper's stops to be unreasonable or unconstitutional[2] or other disciplinary actions taken with regard to the trooper, petitioner also fails to identify a date specific as to when he discovered these "facts" or to explain why such information was not available to him, and could not have been discovered through the exercise of due diligence, until after the expiration of the limitation period.

The undersigned further notes petitioner's claim of ineffective assistance of counsel for counsel either possibly failing to discover the trooper's tactics had been questioned by other defendants in other cases, or for counsel knowing but failing to attempt to attack the trooper's credibility with the existence of these other defendants' unsuccessful challenges, is simply a meritless claim. Moreover, petitioner has fully litigated the propriety of the traffic stop in this case through a motion to suppress, as well as direct appeal of the issue through the denial of a petition for a writ of certiorari. The bulk of petitioner's motion to vacate does not argue the ineffectiveness of counsel's representation, but instead appears to argue that the initial traffic stop was invalid, that the subsequent detention was unjustified, and that the search extended beyond the reasonable scope of petitioner's consent. Petitioner cannot relitigate the constitutionality of the search and seizure in his underlying criminal proceeding under the guise of a section 2255 motion, simply asserting an unsubstantiated shell of an ineffective assistance of counsel claim.

Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final. Consequently, the 1-year period of limitation in this case began on the date on which

---

[2] In a footnote, petitioner cites various cases that do not support his claims. One case cited is a 2255 motion pending before this Court challenging a stop effected by the trooper where no motion to suppress was filed in the underlying criminal proceeding and the stop was not challenged on appeal. Other cases reflect appellate court affirmances of convictions where a stop effected by the trooper was reviewed. Petitioner also cites his own criminal case, and another case from the Eastern District where a motion to suppress a stop effected by a city police department officer was denied.

petitioner's judgment became final.

Petitioner's judgment of conviction became final on January 9, 2017, when the United States Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Any motion to set aside, vacate or correct petitioner's sentence was thus due to be filed on or before January 9, 2018 pursuant to the one-year statute of limitation. As petitioner did not file his section 2255 motion until February 26, 2018, the motion is untimely and should be dismissed as time-barred.

Petitioner has not argued, much less demonstrated, he is entitled to any equitable tolling of the limitation period, nor has he asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence. Petitioner's motion to vacate, considered filed February 26, 2018 when he deposited it in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that respondent's *Motion to Dismiss Gonzales's Section 2255 Motion as Untimely Filed* [ECF 5] be GRANTED, and the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody* [ECF 2] filed by petitioner GRABEL GONZALEZ be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 23, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).